IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ronald L. Legg, | ) | C/A No.: 4:12-811-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Chief Rhodes, Horry County Police; Det. Neil Frebowitz, Horry County Police; Edward Ed Chrisco, Public Defender; W. Thomas Floyd, Public Defender, | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Plaintiff Ronald L. Legg ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the J. Reuben Long Detention Center and brings this action against Horry County police officers and two public defenders pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, it is recommended that Plaintiff's claim seeking the return of, or reimbursement for, his personal property be summarily dismissed without prejudice. It is further recommended that defendants W. Thomas Floyd ("Floyd") and Edward Ed. Chrisco ("Chrisco") be summarily dismissed from this action without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff alleges that defendant Detective Neil Frebowitz broke into his home on June 17, 2011 without a warrant, removed personal items, and left the house unsecured [Entry #1 at 3]. Plaintiff alleges that when he entered his house, a neighbor's child was inside, even though Plaintiff states he had a restraining order against "[t]his child along with his family . . . ." *Id*. According to the complaint, Plaintiff discovered a "fictitious search warrant tacked on [his] living room wall. [He] noted that the search warrant was not signed or dated by a judge and the affidavit for the reason for the search warrant was bogus." *Id*. Plaintiff claims he was arrested shortly thereafter. *Id*.

Plaintiff further claims that he was responsible for a mentally challenged adult, who was not provided for when he was arrested. *Id.* at 4. He states that the woman next door took over his property and befriended the mentally challenged adult even though a restraining order had been issued to keep her from entering Plaintiff's property. *Id*. Plaintiff claims he made several attempts to make a police report, but all his requests were denied. *Id*.

Plaintiff spoke with his public defender, defendant Floyd, about the search warrant, however, Plaintiff claims he "reject[ed] my concern." *Id.* Plaintiff also claims he told defendant Floyd about the theft of his property. *Id.* According to Plaintiff, defendant Floyd said he would contact SLED (South Carolina Law Enforcement Division). *Id*.

Plaintiff states he received a "doctored" search warrant in a second motion for discovery from defendant Frebowitz, and he claims that defendants Floyd and Frebowitz colluded with each other. *Id.* at 5.

Plaintiff asks this court to "order a police report from an outside investigating agency." *Id.* at 7. He also seeks the return of his property, or in the alternative, asks that he be compensated for the same. *Id.* He also seeks money damages. *Id.*

II. Discussion

　A.　Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity may be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff cannot proceed against his court-appointed attorney because the attorney has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980) (court-appointed attorney); *Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 & nn. 8–16 (1981) (public defender).

Plaintiff names his public defender Floyd as a defendant in this matter. Plaintiff also names Edward Ed Chrisco as a defendant. Although Plaintiff fails to allege in his complaint any facts pertaining to defendant Chrisco, the caption identifies defendant Chrisco as a public defender. Because public defenders do not act under color of state law, defendants Floyd and Chrisco should be summarily dismissed from this action.

To the extent Plaintiff seeks to file a police report concerning his neighbor, the court cannot grant Plaintiff relief. A private citizen does not have a judicially-cognizable

4

interest in the prosecution or non-prosecution of another person and Plaintiff lacks standing to raise such a claim. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

The court also cannot grant the other relief sought by Plaintiff, to have his personal property returned to him, or alternatively, to be compensated for it. Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328–36 & n. 3 (1986) (Table).

Furthermore, the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property—even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986).[1] Under South Carolina law, Plaintiff's claims relating to lost personal property are cognizable under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-10 through § 15-78-220. Section 15-78-30 and its subparts encompass a loss of property proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision of the state while acting within the scope of his or her employment. As a result, to the extent that Plaintiff seeks the return of his property or reimbursement of the value of such personal property, this claim should be summarily dismissed without service on defendants.

---

[1]*Yates* has been partially superannuated for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929–32 & nn. 2–5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

III.     Conclusion

For the foregoing reasons, it is recommended that defendants Floyd and Chrisco be summarily dismissed from this action without prejudice and without issuance and service of process. It is further recommended that Plaintiff's claim seeking the return of, or reimbursement for, his personal property be summarily dismissed without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 24, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).