IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald L. Legg, | ) | |
| | ) | Civil Action No.: 4:12-cv-00811-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Chief Rhodes, Horry Country Police; | ) | |
| Det. Neil Frebowitz, Horry County Police; | ) | |
| Edward Chrisco, Public Defender; | ) | |
| W. Thomas Floyd, Public Defender, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this case, Plaintiff, proceeding *pro se* and *in forma pauperis*, seeks relief pursuant to

42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d)-(e)

DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial

proceedings. On April 24, 2012, the Magistrate Judge issued a Report and Recommendation

recommending that the Court summarily dismiss Defendants Chrisco and Floyd from this action

without prejudice and without service of process. (Dkt. No. 12). Further, the Magistrate Judge

recommended dismissing without prejudice Plaintiff's claim for return of or reimbursement for

Plaintiff's personal property and Plaintiff's claim requesting that the Court order a police report.

(*Id.*). On May 4, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No.

18). For the reasons explained herein, the Court agrees with and wholly adopts the Magistrate

Judge's Report and Recommendation. Accordingly, Plaintiff's claims against Defendants

Chrisco and Floyd are dismissed without prejudice and without issuance and service of process,

and Plaintiff's claim for return of or reimbursement for his personal property and Plaintiff's

claim requesting that the Court order a police report are dismissed without prejudice.

**Law and Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In this case, Plaintiff alleges that Defendant Frebowitz, a detective with the Horry County Police, broke into his residence without a legal search warrant on or about June 17, 2011. (Dkt. No. 1). Plaintiff alleges that Defendant Frebowitz removed personal property from his house and left the door open and the house unsecured. (*Id.*). Further, Plaintiff alleges that a "fictitious" search warrant was tacked to his living room wall. Plaintiff alleges that, shortly after discovering the search warrant, he was arrested at his home and that no consideration was given to the fact that Plaintiff needed to stay at home to care for a mentally challenged adult. Plaintiff alleges that, after he was arrested, he "discovered that the woman who lived next door had taken over [his] property and befriended the mentally handicapped man." (*Id.* at 4). Plaintiff alleges that he has made several attempts to make a police report but that all of his requests were denied. Plaintiff also alleges that Defendant Floyd, the public defender appointed to defend Plaintiff, has

not been responsive to Plaintiff's requests and has been ineffective in representing Plaintiff. Plaintiff seeks damages in the amount of $4,000,000, plus punitive damages. (*Id.* at 7). Plaintiff also asks the Court to "order a police report from an outside investigating agency" and seeks to have all of his property returned to him and compensation for all property that was destroyed. (*Id.*).

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege 1) that one or more defendants deprived him of a federal right, and 2) that the defendant or defendants did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As explained by the United States Supreme Court, a public defender appointed by the court does not act under the color of state law for purposes of § 1983 when performing a lawyer's traditional functions as counsel to a defendant during a criminal proceeding. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 (1981). Here, Plaintiff has not alleged any actions taken by Defendant Chrisco, and the only actions (or inactions) alleged with regard to Defendant Floyd relate to his role as Plaintiff's lawyer. (*See generally* Dkt. No. 1). Thus, Plaintiff has not alleged any action taken by Defendants Chrisco or Floyd which was under the color of state law. Accordingly, the Court agrees with the Magistrate Judge that Plaintiff's claims against Defendants Floyd and Chrisco should be dismissed without prejudice and without issuance and service of process.

Furthermore, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's claim for the return of or reimbursement for lost or damaged property must be dismissed. The Fourth Circuit has held that a district court should deny relief pursuant to § 1983 for the loss of personal property if state law provides an adequate postdeprivation remedy. *See Yates v. Jamison*, 782 F.2d 1182, 1184-85 (4th Cir. 1986). Under South Carolina law, Plaintiff has an adequate postdeprivation remedy under the South Carolina Tort Claims Act. *See* S.C.

3

Code Ann. § 15-78-10 *et seq.* Thus, Plaintiff's claim for return of, or reimbursement for, his personal property is dismissed without prejudice. Finally, to the extent Plaintiff brings a claim asking the Court to order that a police report be created, the Court dismisses this claim, as Plaintiff does not have standing to seek this relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's claims against Defendants Chrisco and Floyd without prejudice and without issuance and service of process. Further, the Court dismisses without prejudice Plaintiff's claim for return of or reimbursement for Plaintiff's personal property and Plaintiff's claim requesting that the Court order a police report.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June _/ /_, 2012
Charleston, South Carolina

4