IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ronald L. Legg, | ) | C/A No.: 4:12-811-RMG-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Chief Rhodes, Horry County Police; Det. Neil Frebowitz, Horry County Police, | ) | |
| Defendants. | ) | |

Plaintiff Ronald L. Legg ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983. This matter comes before the court on the following motions: (1) Plaintiff's motion for reconsideration on an order denying as moot his motion to compel [Entry #42]; (2) Defendants' motion for protective order [Entry #44]; and (3) Plaintiff's motion to delay ruling on the motion for summary judgment [Entry #48]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

I.    Plaintiff's Motion for Reconsideration

On August 20, 2012, Plaintiff filed a motion to compel Defendants to further respond to his discovery requests. [Entry #32]. Defendants filed a response indicating they had provided Plaintiff with all responsive documents they possessed. [Entry #37]. Plaintiff failed to file a reply by the September 17, 2012 deadline. On September 24, 2012, the undersigned issued an order denying Plaintiff's motion as moot in light of

Defendants' response and Plaintiff's failure to file a reply disputing the same. [Entry #39]. On September 25, 2012, the Clerk's office docketed Plaintiff's reply, which was dated September 23, 2012. [Entry #41]. Plaintiff filed his motion for reconsideration of the undersigned's order on October 1, 2012. [Entry #42].

Motions for reconsideration of interlocutory orders are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003). Here, as Plaintiff has not discovered new evidence and there has been no intervening change in the controlling law, it appears Plaintiff is arguing reconsideration is necessary to correct clear error or prevent manifest injustice.

In his reply in support of his motion to compel, Plaintiff alleges that his criminal attorney gave him documents received from the Horry County Police Department that Defendants have failed to produce. [Entry #41] Therefore, Plaintiff believes Defendants are withholding responsive documents. *Id*. However, Plaintiff does not attach an example or otherwise provide specific information about what documents he believes Defendants possess that should have produced. Therefore, the undersigned has no means to evaluate Plaintiff's allegations, and Plaintiff has not met his burden to show clear error or manifest injustice.

Additionally, Plaintiff argues that Defendants should be compelled to create items they do not possess, such as a chain of custody or digital recording, based on his indigent status. Plaintiff's argument that the law requires Defendants to create such documents is

unfounded and the undersigned declines to grant reconsideration on this basis. Finally, Plaintiff argues Defendants should be compelled to respond to his supplemental discovery requests, served September 10, 2012. The undersigned disagrees. Plaintiff's discovery requests would have had to been served by July 3, 2012 to be timely under the scheduling order. Plaintiff did not attempt to file a motion for extension of the discovery deadline. As such, Plaintiff has not met his burden of demonstrating reconsideration is appropriate and his motion [Entry #42] is denied.

II.     Defendants' Motion for Protective Order

Defendants have moved for a protective order to relieve them of any obligation to respond to Plaintiff's untimely discovery requests. Pursuant to the scheduling order, all discovery requests were to be served in time for the responses thereto to be served by August 3, 2012. [Entry #22]. As Plaintiff's supplemental discovery requests were served over a month after the deadline and he failed to request an extension of time, the undersigned grants Defendants' motion for a protective order [Entry #44].

III.    Plaintiff's Motion to Delay Ruling on Motion for Summary Judgment

Plaintiff's motion to delay ruling on Defendants' motion for summary judgment requests that the court wait to rule on summary judgment until Plaintiff receives responses to his untimely discovery requests. Given the undersigned's foregoing rulings denying Plaintiff's motion for reconsideration and granting Defendants' motion for a protective order, Plaintiff's motion to delay ruling [Entry #48] is denied as moot. Plaintiff's response to Defendants' motion for summary judgment remains due November 8, 2012.

IT IS SO ORDERED.

October 19, 2012                                    Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

4