IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ronald L. Legg, | ) |
|     Plaintiff, | ) |
|     v. | ) No. 4:12-cv-00811-RMG |
| Chief Rhodes, Horry County Police;<br>Det. Neil Frebowitz, Horry County Police;<br>Edward Chrisco, Public Defender;<br>W. Thomas Floyd, Public Defender; | ) **ORDER** |
|     Defendants. | ) |

This matter comes before the Court on Plaintiff's motion under Federal Rule of Civil Procedure 59, requesting that this Court alter or amend its order dismissing Plaintiff's claims against Defendants Chrisco and Floyd without prejudice and without issuance of process, and dismissing Plaintiff's claim for return of or reimbursement for his personal property, as well as his claim requesting that the Court order a police report, without prejudice. (Dkt. No. 30). Plaintiff also moves to amend his complaint. (*Id.*)

In its earlier order, the Court found that "Plaintiff has not alleged any actions taken by Defendant Chrisco, and the only actions (or inactions) alleged with regard to Defendant Floyd relate to his role as Plaintiff's lawyer," a role not covered under 42 U.S.C. § 1983. (Dkt. No. 25 at 3). With respect to Plaintiff's claim for loss of personal property, the Court concluded that state law provided an adequate postdeprivation remedy, such that § 1983 relief was not appropriate. (*Id.*) Finally, the Court concluded that Plaintiff did not possess standing to request that a police report be created for the events he alleges in his complaint. (*Id.* at 4).

In this motion, Plaintiff now contends that:

> even though W. Thomas Floyd may not have, or, is not acting under the color of law as it is to understand that definition on its surface, yet, more directly understood by the court appointed attorney by his actions, is a necessary contiguous agent of the State's Social Control pogrom, as contracted by the State per his conduct. By willingly engaging in compliant underhanded state psychological pogroms that have manifested in actions of conflict of interest, designed to separate clear distinctions from descriptive harm, through a bifurcated system that is designed to elude U.S. Constitutional safeguard perception by psychological *Legerdemain, to conquest through onerous convention.* This is a new era in interpretation I do realize . . . .

(Dkt. No. 30 at 3). Plaintiff thus argues that, when Defendant Floyd acted as his attorney and allegedly "conspired to manipulate other procedural and substantive rights," he was "clothed in the authority of the state," and should therefore be subject to § 1983. (Id. at 9).

"Motions under Rule 59 are not to be made lightly." *Reyes v. Jeffcoat*, No. 3:12-cv-298, 2012 WL 4097268, at *1 (D.S.C. Sept. 18, 2012). They should be granted only for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct clear error of law or prevent manifest injustice." *Id.* (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion."). Plaintiff's motion advances the third reason, essentially arguing that the demands of justice require a more expansive interpretation of § 1983.

The Court has reviewed the reasoning of its earlier order. The reasoning fits squarely within the existing § 1983 case law. The Court also finds that revisiting the order is not necessary to prevent a manifest injustice. Plaintiff has therefore failed to meet the high burden under Rule 59. As Plaintiff's motion to amend appears to relate to his claims against the remaining Defendants, the Court refers that motion to the Magistrate Judge.

For the reasons given, the Court DENIES Plaintiff's motion for reconsideration and REFERS Plaintiff's motion to amend his complaint to the Magistrate Judge in this case.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 11, 2012