IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald L. Legg, | C/A No.: 4:12-811-RMG-SVH |
| Plaintiff, | |
| vs. | |
| Chief Rhodes, Horry County Police; and Det. Neil Frebowitz, Horry County Police, | REPORT AND RECOMMENDATION |
| Defendants. | |

Ronald L. Legg ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at the J. Reuben Long Detention Center and brings this action pursuant to 42 U.S.C. § 1983 against Chief Rhodes and Detective Neil Frebowitz ("Defendants") of the Horry County Police Department.[1]  This matter comes before the court on Defendants' motion for summary judgment. [Entry #43]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #45]. This matter having been fully briefed [Entry #52], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this report and

---

[1] Plaintiff also originally named as defendants public defenders W. Thomas Floyd and Edward Chrisco, but they were summarily dismissed from the case on June 11, 2012. [Entry #25].

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendants' motion be granted in part and denied in part.

I.   Factual Background

Plaintiff alleges that defendant Frebowitz broke into his home on June 17, 2011, without a warrant, removed personal items, and left the house unsecured. [Entry #1 at 3]. According to the complaint, Plaintiff discovered a "fictitious search warrant tacked on [his] living room wall. [He] noted that the search warrant was not signed or dated by a judge and the affidavit for the reason for the search warrant was bogus." *Id*. Plaintiff claims he was arrested shortly thereafter. *Id*. Plaintiff states he received a "doctored" search warrant in a second motion for discovery from defendant Frebowitz. *Id.* at 5.[2]

II.   Discussion

    A.   Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by

---

[2] Plaintiff's complaint alleges additional facts not relevant to the analysis here, as Plaintiff's claim for the return of or reimbursement for his property and request for a police report to be created were dismissed by the Honorable Richard M. Gergel by order dated June 11, 2012. [Entry #25].

"citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Claim against Frebowitz

Liberally construed, Plaintiff's complaint sets forth a claim of false arrest against Frebowitz, as Plaintiff alleges he was arrested shortly after finding his home had been searched pursuant to a ficticious search warrant. [Entry #1 at 3]. Defendant Frebowitz

3

has submitted an affidavit in which he avers that the search warrant "contained language accurately describing the victim's experience but also contained a partial narrative from another case." [Entry #43-3 at 2]. He also avers that the issuing judge relied on the victim's statement and his "verbal outline" and not the unrelated narrative that was "an obvious clerical error." *Id*. Attached to Frebowitz's affidavit are the following documents: (1) an affidavit in support of a search warrant that describes the victim's statement related to Plaintiff's criminal charges, signed only by Frebowitz and not the issuing judge; (2) an affidavit in support of a search warrant that describes a victim's statement unrelated to Plaintiff's criminal charges, signed by both Frebowitz and the issuing judge; (3) a search warrant signed by the issuing judge on June 17, 2011; and (4) a return of the search warrant dated June 17, 2011, listing the items seized from the execution of the search warrant. [Entry #43-3 at 3–7].

    Frebowitz also states in his affidavit that an arrest warrant was issued based on his probable cause application, but the arrest warrant is not attached. *Id*. It is not clear whether an arrest warrant was issued in conjunction with the search warrant[s] and based on the same information provided therein or whether it was based on a subsequent application supported in part with the materials discovered from the search. Because of the irregularities in the affidavits in support of the search warrant, Defendants have failed to show that there are no disputes of fact as to whether the search warrant was valid. If the search warrant is found to be invalid, it logically follows that an arrest warrant based on the same information or information procured as a result of the search warrant is also invalid. Therefore, as Plaintiff's false arrest claim cannot be immediately dismissed, the

4

undersigned proceeds to analyze the claim in light of Plaintiff's criminal case pending in state court.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a § 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id*. at 486. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Court clarified that *Heck* was inapplicable in the pre-conviction setting:

> [T]he *Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been . . . invalidated, that is to say, an outstanding criminal judgment. It delays what would otherwise be the accrual date of a tort action until the setting aside *of an extant conviction* which success in that tort action would impugn. . . . What petitioner seeks, in other words, is the adoption of a principle that goes well beyond *Heck*: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious. In an action for false arrest it would require the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession.

*Wallace*, 549 U.S. 393 (citations omitted). In so holding, the *Wallace* court noted that a stay may be appropriate when a plaintiff files a false arrest claim prior to the resolution of criminal charges. Specifically, the court found:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. . . .

*Id*. at 393–94 (citations omitted). In the instant case, Plaintiff has filed a claim for false arrest, and the allegations in support of his claim are related to issues that will likely be ruled upon in the state court proceedings. Therefore, based on the guidance set forth by the *Wallace* court and because disputes of fact exist related to Plaintiff's false arrest claim, the undersigned recommends that the motion for summary judgment be denied without prejudice as premature with regard to Frebowitz and that this case be stayed pending resolution of Plaintiff's criminal charges. It is further recommended that Plaintiff be ordered to apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved and the stay can be lifted. Plaintiff's failure to apprise the court of the status of the criminal proceedings may result in the court's dismissal of this case for failure to prosecute.

    2.  Claim against Rhodes

Plaintiff appears to assert a claim of supervisory liability against Chief Rhodes, as Plaintiff argues in his response to the summary judgment motion that "[t]he state of mind of Chief Rhodes is reflected in his chain of command through his agents in the practice of procedural duty . . . ." [Entry #52 at 7]. Plaintiff makes no factual allegations against Rhodes in his complaint. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability. A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction

6

and the particular constitutional injury suffered by the plaintiff.  *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).

Plaintiff's complaint fails to demonstrate that Rhodes was aware of, or deliberately indifferent to, any risk of constitutional injury to Plaintiff.  Plaintiff does not assert that Rhodes was involved in his arrest or that he directed his employees to commit an alleged constitutional violation. Plaintiff has failed to set forth sufficient allegations to establish a causal link between Rhodes and Plaintiff's alleged constitutional injuries.  Consequently, the undersigned recommends that Rhodes be granted summary judgment and dismissed from this action.

III.    Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendants' motion for summary judgment [Entry #43] be granted as to Rhodes and denied without prejudice as premature against Frebowitz. Additionally, the undersigned recommends that this case be stayed pending resolution of Plaintiff's criminal charges and Plaintiff be ordered to apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved and the stay can be lifted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 10, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).