IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |  |
|---|---|---|
| Ronald L. Legg, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. 4:12-cv-00811-RMG |
|  | ) | |
| Chief Rhodes, Horry County Police; | ) | |
| Det. Neil Frebowitz, Horry County Police, | ) | **ORDER** |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

This matter comes before the Court on a motion for summary judgment filed by the remaining defendants, Defendants Neil Frebowitz and Chief Rhodes, on October 3, 2012. (Dkt. No. 43). After careful review, the Court adopts the Magistrate Judge's Report and Recommendation, ("R&R"), granting the motion in part and denying it in part. (Dkt. No. 60).

## Background

Plaintiff Ronald L. Legg, a pretrial detainee incarcerated at the J. Reuben Long Detention Center in Conway, South Carolina, filed this action pursuant to 42 U.S.C. § 1983 on March 20, 2012. (Dkt. No. 1). He alleges, in pertinent part, that on June 17, 2011, Defendant Frebowitz entered his home without a warrant, removed personal property and then left the house unsecured. (*Id.* at 3, 5). According to the Complaint, when Plaintiff returned to his home, he discovered a "fictitious search warrant tacked on [to his] living room wall" and noted several items missing, including items he asserts are exculpatory in a separate pending state criminal matter against him. (*Id.* at 3). Shortly thereafter, he was arrested. (*Id.*). Plaintiff further alleges that, after several attempts to contact Defendant Frebowitz, Frebowitz provided him with "a doctored search warrant." (*Id.* at 5).

Upon filing, this case was referred to a United States Magistrate Judge for all pretrial proceedings. *See* 28 U.S.C. § 636(b); Local Civil Rule 73.02(B)(2) DSC. The remaining defendants moved for summary judgment on the basis of qualified immunity on October 3, 2013. (Dkt. Nos. 43, 43-1). Plaintiff responded. (Dkt. No. 52). On July 10, 2013, the Magistrate Judge issued an R&R, recommending that the Court grant summary judgment as to Defendant Rhodes and deny it without prejudice as to Defendant Frebowitz. (Dkt. No. 60). The Magistrate Judge further recommended that this matter be stayed pending resolution of Plaintiff's related criminal charges in state court, as the outcome of that proceeding bears on Plaintiff's claim of false arrest. (*Id.* at 6). Plaintiff timely filed objections to the R&R, arguing that the Magistrate Judge displayed bias against him in its order and erroneously rendered his claim "a state dispute" by relying on *Heck v. Humphrey*, 512 U.S. 477 (1994). (Dkt. No. 62).

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Defendants move for summary judgment. Summary judgment is appropriate if a party "shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (stating that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts"). A fact is deemed "material" if proof of its existence or non-existence would affect the

disposition of the case, and an issue of material fact is "genuine" if a reasonable jury presented with the evidence might return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 257 (1986). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

### Discussion

The Court has reviewed the pleadings and R&R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter.

As the Magistrate explained, in order to succeed on a section 1983 suit against a supervisor, a plaintiff must plead that the supervising official himself, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff's Complaint does not contain any specific factual allegations that Defendant Rhodes, a supervisor, committed a constitutional violation through his own acts or omissions. (Dkt. No. 1). As a result, the Court concludes that summary judgment in favor of Rhodes is appropriate.

With respect to Defendant Frebowitz, the Magistrate Judge correctly identified "irregularities" in the search warrant for Plaintiff's home. (Dkt. No. 60 at 4). Those irregularities, combined with Defendants' failure to provide the Court with a copy of the arrest warrant for Plaintiff, leave open the question of whether Plaintiff's arrest was valid—a question material to determining whether Plaintiff was subjected to a false arrest. (*Id.* at 4–5). Further, the Magistrate Judge was correct in relying on *Heck v. Humphrey*, to conclude that the appropriate course of action is to stay this case pending resolution of the criminal charges pending against Plaintiff in state court, as a ruling in favor of Plaintiff in this civil matter would necessarily impugn any conviction against

him on the criminal charges. *See* 512 U.S. 477 (1994). In his objections, Plaintiff asserts that "if [he] were to be convicted in [the] state proceeding, because such federal constitutional violations have deprived [him] of due process, such should not be determinate for federal relief . . . ." (Dkt. No. 62 at 5). The outcome he proposes would, he suggests, constitute "a return to a federal constitutional reality." (*Id.*). Plaintiff's position is incorrect in light of clear recent Supreme Court precedent on this question. *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

Last, the Court finds no basis for Plaintiff's assertion that the Magistrate Judge has exhibited bias against Plaintiff. To the contrary, the Magistrate Judge has throughout this matter carefully and fairly evaluated Plaintiff's claims, and applied the relevant law correctly.

## Conclusion

For these reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation as the order of this Court. (Dkt. No. 60). Accordingly, the Court GRANTS summary judgment as to Defendant Rhodes and DENIES it without prejudice as to Defendant Frebowitz. This matter is stayed pending resolution of Plaintiff's criminal charges in state court. Plaintiff is ordered to apprise the Court of the status of those criminal charges every six months, and to notify the Court within thirty (30) days when those criminal charges are resolved. At that time, the stay will be lifted.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
August 6, 2013