IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald L. Legg,                              ) | C/A No.: 4:12-811-RMG-SVH |
|                         Plaintiff, ) | |
| vs.                                                 ) | REPORT AND RECOMMENDATION |
| Det. Neil Frebowitz, Horry County  ) Police,                                          ) | |
|                        Defendant.  ) | |

Plaintiff Ronald L. Legg, proceeding pro se and in forma pauperis, is an inmate incarcerated in the Evans Correctional Institution of the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against Detective Neil Frebowitz ("Defendant") of the Horry County Police Department.[1] This matter comes before the court on Defendant's motion for summary judgment. [Entry #88]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #89]. The motion having been fully briefed [Entry #92, #93], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this report and

---

[1] Plaintiff also originally named as defendants public defenders W. Thomas Floyd and Edward Chrisco, and Horry County Chief Rhodes. Floyd and Chrisco were summarily dismissed from the case on June 11, 2012. [Entry #25]. The court granted summary judgment to Rhodes on August 6, 2013. [Entry #65].

recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendant's motion be granted.

I.      Factual Background

Plaintiff alleges that Defendant broke into his home on June 17, 2011, without a warrant, removed personal items, and left the house unsecured. [Entry #1 at 3]. According to the complaint, Plaintiff discovered a "fictitious search warrant tacked on [his] living room wall. [He] noted that the search warrant was not signed or dated by a judge and the affidavit for the reason for the search warrant was bogus." *Id.* Plaintiff claims he was arrested shortly thereafter. *Id.* Plaintiff states he received a "doctored" search warrant in a second motion for discovery from Defendant. *Id.* at 5.[2] Plaintiff seeks monetary damages. *Id.* at 7.

II.     Discussion

    A.      Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a

---

[2] Plaintiff's complaint alleges additional facts not relevant to the analysis here, as Plaintiff's claim for the return of or reimbursement for his property and request for a police report to be created were dismissed by the Honorable Richard M. Gergel by order dated June 11, 2012. [Entry #25].

movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Plaintiff alleges that Defendant unlawfully searched his residence on June 17, 2011, and claims that this unlawful search resulted in his arrest and subsequent conviction on March 13, 2014. [Entry #92 at 1–2]. Because Plaintiff seeks damages for

alleged constitutional violations stemming from the search of his residence, his criminal arrest, and/or prosecution, Plaintiff's complaint is barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 487. Although the decision in *Heck* concerned a conviction, its rationale has been applied to civil rights action in which a plaintiff challenges a search warrant issued in connection with a criminal case. *See Ballenger v. Owens*, 352 F.3d 842, 845–47 (4th Cir. 2003); *Singleton v. 10 Unidentified U.S. Marshals*, C/A No. 2:11-1811-TLW-JDA, 2011 WL 4970779, *2 n. 4 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted*, 2011 WL 5005271 (D.S.C. Oct. 19, 2011).

When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck,* 512 U.S. at 487. Plaintiff has failed to demonstrate that he has successfully challenged the conviction associated with the search of his home. In fact, Plaintiff admits that he was convicted on the charges associated with the purported illegal search of his residence. [Entry #92 at 2]. Because success on the § 1983 claim would question the validity of Plaintiff's March 2014 conviction, the undersigned recommends Defendant be granted summary judgment.

Plaintiff's response to Defendant's summary judgment motion seeks to amend his complaint to add claims pursuant to the First and Fourteenth Amendment. [Entry #92 at 2]. Plaintiff's proposed amendments would be futile because they appear to arise out of the same set of facts and circumstances as his current claims and would be barred by *Heck*. Therefore, the undersigned recommends the court deny Plaintiff's request to amend his complaint on any alleged constitutional violations stemming from the June 17, 2011, search of his home.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendant's motion for summary judgment. [Entry #88].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 28, 2014                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).