IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald L. Legg, | ) No. 4:12-cv-00811 |
| Plaintiff, | ) **ORDER** |
| v. | ) |
| Det. Neil Frebowitz, | ) |
| Defendant. | ) |

This matter is before the Court on the Report & Recommendation (R & R) of the Magistrate Judge, recommending that the Court grant Defendant's Motion for Summary Judgment. (Dkt. No. 95). Plaintiff filed timely objections. (Dkt. No. 100). For the reasons stated below, the Court adopts the R & R and grants Defendant's motion.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## II. Discussion

Liberally construed, Plaintiff's complaint sets forth a claim of false arrest and illegal search against Defendant Frebowitz. Plaintiff claims that Defendant unlawfully searched his residence on June 17, 2011, and claims that this unlawful search resulted in his arrest and subsequent conviction on March 13, 2014. (Dkt. No. 1 at 3; Dkt. No. 92).

The Court agrees with the Magistrate Judge that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot bring a Section 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486-87. A judgment for Plaintiff on his claim of false arrest would necessarily invalidate his subsequent conviction. Therefore, this claim is barred by *Heck*. *See id.*

Any Fourth Amendment claim based on the search is also likely barred by *Heck*. However, even if the claim is not barred by *Heck*, Frebowitz is entitled to qualified immunity. "[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction, and . . . if it does it must, under *Heck*, be dismissed." *Wallace v. Kato*, 549 U.S. 384, 395 n.5 (2007). The Court must determine whether a judgment in favor of Plaintiff would require that the evidence derived from the search be suppressed in a criminal case and if suppression would necessarily invalidate the criminal conviction. *Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003).

Here, to the extent that Plaintiff has alleged any harm from the allegedly illegal search other than the resulting conviction (i.e. lost or damaged property), the Court has already dismissed the claims. (Dkt. No. 25 at 3-4). Apart from the lost or damaged property claims, Plaintiff only discusses the search "in support of his argument that . . . his resulting conviction

[was] improper." *Farabee v. Feix*, 119 F. App'x 455, 457 (4th Cir. 2005). Thus, success on his claim requires a finding that his conviction was improper, and *Heck* bars the claim. *See id.* at 457-58.

To the extent that Plaintiff has raised a Fourth Amendment claim not barred by *Heck*, Frebowitz is entitled to qualified immunity. "[W]here a law enforcement officer acts pursuant to a warrant, the critical question is whether the officer *could have reasonably thought* there was probable cause to seek the warrant." *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000) (emphasis in original). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 344-45 (1986)). Thus, a law enforcement officer "may be entitled to qualified immunity even if the warrants at issue are later determined to have been lacking in probable cause." *Id.*

Here, the search warrant was based on interviews with a ten year-old victim, her mother and another witness. (Dkt. No. 88-2 at 1). The victim confided in her mother that Plaintiff sexually assaulted her, provided specific details of the assault, stated that the sexual abuse had been on-going, that the assualt occurred at Plaintiff's residence, and that Plaitniff maintained a diary or journal where he compelled the victim to write. (Dkt. No. 88-2 at 4). Under these circumstances, an officer could have reasonably thought there was probable cause to seek the warrant, and no reasonable jury could find otherwise. Therefore, Frebowitz is entitled to qualified immunity. *Wadkins*, 214 F.3d at 539.

//

//

## III. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R and **GRANTS** Defendant's Motion for Summary Judgment (Dkt. No. 95).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

October _1_, 2014
Charleston, South Carolina